Prob 19
EDTN78 (6/2000)

# United States District Court
## for the
## EASTERN DISTRICT OF TENNESSEE

U.S.A. vs Todd Simpson                                Docket No.4:20-CR-00022

TO: [1]**Any United States Marshal or any other authorized officer.**

| WARRANT FOR ARREST OF DEFENDANT | | | |
|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court. | | | |
| NAME OF SUBJECT<br>Todd Simpson | SEX<br>**Male** | RACE<br>**White-NH** | AGE: **44**<br>**FBI#: 987297FB3**<br>**USM#: 17732-509** |
| ADDRESS(STREET, CITY, STATE)<br>**Lewis and Clark Motor Lodge Hotel**<br>**530 Lewis and Clark Boulevard**<br>**Room #4**<br>**East Alton, IL 62024** | | | |
| SENTENCE IMPOSED BY (NAME OF COURT)<br>United States District Court, Eastern District of Tennessee - Chattanooga | | | |
| CLERK<br>LeAnna Wilson<br>Eastern District of Tennessee | (BY) DEPUTY CLERK | | DATE |

| RETURN | | |
|---|---|---|
| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) | | |
| | | |
| NAME | (BY) | DATE |

---

[1]Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the EASTERN DISTRICT OF TENNESSEE;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

# United States District Court
# for the
# Eastern District of Tennessee

U.S.A. vs. Todd Simpson                                    Docket Number: 4:20-CR-00022

### Petition for Action on Conditions of Pretrial Release

COMES NOW Jennifer LaFerry, United States Probation Officer, presenting an official report upon the conduct of defendant Todd Simpson, who was placed under pretrial release supervision by the Honorable Teresa J. James United States Magistrate Judge, sitting in the Court in the District of Kansas, on November 20, 2020.

**The probation officer believes the defendant has violated the following conditions of release:**

| | |
|---|---|
| **1** | **The defendant must not violate federal, state or local law while on release.** |
| **3** | **The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.** |
| **7(m)** | **The defendant shall not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.** |
| **7(r)** | **The defendant shall report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.** |

On November 20, 2020, the defendant was released on bond and placed on pretrial supervision out of the United States District Court in the District of Kansas. Mr. Simpson resided in Chetopa, Kansas and was supervised by United States Probation Officer (USPO) Diana Kerns.

On December 4, 2020, additional release conditions, as well as the existing conditions, were ordered for the defendant by United States Magistrate Judge Susan K. Lee in the Eastern District of Tennessee, in Chattanooga, Tennessee

On March 31, 2021, a release status report was submitted to the court advising that USPO Kerns indicated Mr. Simpson was compliant and was attending mental health treatment as directed. USPO Kerns noted that Mr. Simpson had problems with his memory, but his girlfriend, Julie Kepner, provided assistance to him. Mr. Simpson is unemployed but receives income through Social Security Disability.

On April 1, 2021, the defendant appeared before Judge Susan K. Lee and entered a plea of guilty to Count Three of the Indictment, which charged the defendant with Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(C).

**Petition for Action on Conditions of Pretrial Release**  Page 2
**Re: Todd Simpson**  Docket Number: 4:20-CR-00022

This officer notes that the defendant's case DOES fall under the umbrella of a mandatory detention case. The defendant was allowed to remain on bond pending sentencing.

On July 7, 2021, a Presentence Investigation Report was completed by USPO Jennifer Beamer. According to the presentence report "Pursuant to a written amended plea agreement and Rule 11(c)(1)(C), the government agrees that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Such a recommendation or request binds the Court once the Court accepts the plea agreement. In this case, the defendant and the United States agree that a sentence of 35 months' imprisonment, followed by a lawful term of supervised release is the appropriate disposition of this case. The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement."

On June 29, 2021, USPO Beamer spoke with clinical social worker Mark Michaels, from the Labette Center for Mental Health in Parsons, Kansas. USPO Beamer reported that Mr. Michaels expressed concern about the defendant's mental health going into sentencing. Mr. Michaels stated that the defendant had made vague comments about he would "rather die than go back." Mr. Michaels indicated when he asks the defendant to clarify, the defendant changes his statement to say his fungal condition is going to kill him anyway. Mr. Michaels advised the defendant has never made any comment about killing himself or doing anything to make someone else kill him.

On July 26, 2021, this officer became aware of issues the defendant was having while on pretrial supervision. On July 27, 2021, this officer spoke with USPO Kerns who indicated that she had problems with the defendant not reporting for drug screens due to transportation issues. USPO Kerns noted the defendant even tried to get the vendor to call him days ahead of time for drug screens, but she informed him that that was not how the Code-A-Phone program worked. USPO Kerns also advised this officer that the defendant had told his mental health counselor information regarding possible thoughts of suicide. USPO Kerns noted the defendant felt like it was not fair that other people were getting lower sentences than him for more serious offenses.

On August 10, 2021, USPO Kerns advised this officer that Mr. Simpson informed her that he was now living with his cousin, Jason Abernathy, at 133 Lincoln Street, East Alton, Illinois. The defendant relocated to this address without prior permission of his probation officer. The defendant reported to USPO Kerns that his girlfriend had been kicking him out every couple of months because she could not deal with everything and she was trying to get off pain killers. He stated he would return to his girlfriend's residence in a couple of weeks when she settled down. USPO Kerns instructed the defendant to remain at Mr. Abernathy's residence.

On August 12, 2021, this officer spoke with Mr. Simpson via telephone. Mr. Simpson advised that he had been put on sleep medication, dream medication, and Prozac. He indicated he had stopped taking the Prozac because it upset his girlfriend. He noted his cousin had driven from Illinois to Kansas to pick him up and bring him back to the cousin's residence. The defendant

**Petition for Action on Conditions of Pretrial Release**  Page 3
**Re: Todd Simpson**  Docket Number: 4:20-CR-00022

noted his cousin resides with his girlfriend and their children. He indicated he is living in his cousin's garage currently and was sleeping on a cot.

On August 12, 2021, this officer spoke with the defendant's girlfriend, Ms. Kepner, via telephone. She advised that she had kept Mr. Simpson's medications locked up in a safe because they were narcotics. She stated when he took Prozac, he would lose his mind and would ask her where his medications were. Ms. Kepner stated he would accuse her of taking his medications. Ms. Kepner advised she knew his cousin could get him off of the medication and that she told Mr. Simpson that if he did not let her be in charge of giving him his medications, then he could not reside with her.

On August 13, 2021, this officer contacted Mr. Simpson via telephone and left a voicemail for the defendant instructing him that he must remain in Illinois and continue to reside with his cousin. Additionally, I instructed him to call me back with more information on his cousin and the residence.

On or about August 13, 2021, the supervision of Mr. Simpson's pretrial bond was transferred to USPO Sheryll Vilcinskas out of the Southern District of Illinois, in East St. Louis, Illinois.

On August 16, 2021, this officer spoke with the defendant via telephone and asked if he had gotten the voicemail I left previously and he indicated he had not. He noted that he understands that he has to remain with his cousin in Illinois. This officer asked if he would be able to transfer all of his medical and mental health appointments to Illinois from Kansas, and he stated he would "work on this" the next day. He stated that at that time, he would need to go back to Kansas for doctor appointments. This officer verbally warned him that he must secure permission of his probation officer prior to travelling back to Kansas.

On August 18, 2021, USPO Vilcinskas conducted a home visit at the defendant's new residence at 133 Lincoln Street, East Alton, Illinois. She met with Ashley (LNU), the defendant's cousin's girlfriend. Ashley indicated she did not believe Mr. Simpson would be staying with them permanently, but was fine with him residing with them until sentencing as it was not healthy for him to reside in Kansas with Ms. Kepner. USPO Vilcinskas indicated that Ashley appeared to be an appropriate support to Mr. Simpson.

On August 20, 2021, USPO Vilcinskas spoke with Mr. Simpson via telephone and he reported that he was currently in Kansas at his girlfriend's house. USPO Vilcinskas verbally admonished him for this conduct and reminded him that he cannot travel without the pretrial office being aware of his whereabouts. The defendant noted he would return to Illinois on August 21, 2021, and USPO Vilcinskas instructed him to call her immediately upon his arrival. USPO Vilcinskas then called Jason Abernathy. Mr. Abernathy reported the defendant went to Kansas to pick up his medication because they would not transfer the prescriptions to Illinois. He stated he called Ms. Kepner in an effort to get ahold of Mr. Simpson, and Ms. Kepner sounded as though she was under the influence and he could hear Mr. Simpson "moaning" in the background, as if he had possibly taken too much Xanax or his pain medication. Mr. Abernathy noted that Mr. Simpson's pain medication was

**Petition for Action on Conditions of Pretrial Release**                      Page 4
**Re: Todd Simpson**                                                                                    Docket Number: 4:20-CR-00022

already gone, even though he had just filled it and Mr. Abernathy was told that Mr. Simpson had taken 15 Xanax.  USPO Vilcinskas advised Mr. Abernathy that Mr. Simpson was instructed to report to Illinois the next date, and she asked Mr. Abernathy to call her if he did not return.

On August 21, 2021, Mr. Abernathy left a voicemail for USPO Vilcinskas advising that Mr. Simpson had returned to his residence.

On August 26, 2021, USPO Vilcinskas conducted a home visit and met with the defendant at his residence.  USPO Vilcinskas conducted a walkthrough of the residence with Ashley prior to meeting with the defendant in the garage.  Ashley reported that things were going well with Mr. Simpson residing in their garage.  Mr. Simpson reported to USPO Vilcinskas that he was looking into staying at a local boarding house, American House.  He stated his psychiatrist was going to mail him his medication and travel to Kansas would no longer be an issue.  USPO Vilcinskas observed approximately 10 to 12 prescription bottles on a shelf in the garage.

On September 21, 2021, Ashley left USPO Vilcinskas a voicemail at approximately 12:17 am asking that she call her in the morning.  USPO Vilcinskas indicated she called Ashley back the same date and Ashley reported that she had witnessed Mr. Simpson possibly conducting drug transactions over the fence.  On that same date, USPO Vilcinskas conducted a home visit at the residence and met with the defendant.  She instructed him to report to the probation office on September 22, 2021, with all of his prescription medications.  USPO Vilcinskas advised this officer that she planned to conduct a pill count to determine if the defendant was abusing his prescription medications.

On September 22, 2021, Mr. Abernathy called USPO Vilcinskas and advised that Ashley had taken their vehicle and because of this, Mr. Simpson would not be able to report to the probation office as directed.

On September 23, 2021, the defendant's mother, Cynthia Simpson, left a voicemail for USPO Vilcinskas, in which she indicated the defendant was no longer residing at Mr. Abernathy's residence, due to issues with Ashley.  She indicated she was putting Mr. Simpson in a hotel for that night.  USPO Vilcinskas advised she spoke with Ms. Simpson and she stated she is paying for his hotel currently and could get him to Tennessee, if necessary.

On September 24, 2021, USPO Vilcinskas advised this officer that the defendant was now residing in a hotel.

On September 24, 2021, this officer spoke with the defendant's mother via telephone.  Ms. Simpson advised that Ashley lied and stated that the defendant threatened to kill her, took her children, and left Mr. Abernathy's residence and advised him that she would not return until the defendant was gone.  Ms. Simpson also stated Ashley accused her of being Mr. Simpson's drug dealer.  Ms. Simpson noted that Mr. Abernathy had been giving the defendant his medications daily as prescribed, but when Ashley left and took their children it "broke" Mr. Abernathy.  The defendant's mother stated that when Mr. Simpson asked Mr. Abernathy for a Xanax, Mr.

**Petition for Action on Conditions of Pretrial Release**  Page 5
**Re: Todd Simpson**  Docket Number: 4:20-CR-00022

Abernathy just "threw" the entire bottle at Mr. Simpson, and Mr. Simpson took "more Xanax than he should" have taken.  She advised this led to an argument between the defendant and Mr. Abernathy, and Mr. Abernathy instructed the defendant to leave his home.  His mother noted that the defendant does not have any memory of this event.  Ms. Simpson indicated that police were called to the residence "over" Ashley leaving, and that she (Ashley) told police the defendant had threatened to kill her, but police did not believe her.

The defendant's mother indicated she was currently paying $60 per night for her son to reside at the Lewis and Clark Motor Lodge at 530 Lewis and Clark Boulevard, East Alton, Illinois, 62024.  She reported he is currently in room number 4.  She advised she would be able to pay for him to stay in this hotel until at least Monday (September 27, 2021).  This officer asked Ms. Simpson if she felt the defendant was suicidal or homicidal.  She noted that she does not feel like he is either, but that there is a "slight risk" that he will leave and go into hiding or "undercover.".  She noted that he "really believes" he was a drug lord in the past and she stated he previously told his niece and nephew that he had "killed people."  Ms. Simpson indicated that her son used to suffer from hallucinations, but noted he no longer has the hallucinations, but believes what the hallucinations previously showed him.  I asked her to please have the defendant contact me via telephone immediately.

A few minutes later, the defendant called this officer.  He stated that Ashley had called the police and that police made him leave the house but reported he did not get arrested.  He noted he advised the probation officer in Illinois of this information.  This officer questioned Mr. Simpson about if he had taken more of his medication than is prescribed at any time recently, and he stated he had not.  He advised me that he will be going through withdrawals in four or five days because he will run out of his pain pills and Xanax.  This officer asked why he would go through withdrawals if he had been taking his medication as prescribed, and he stated that Ashley had stolen some of his medication. I asked Mr. Simpson if he was having any thoughts of suicide and he stated he was not.  This officer instructed Mr. Simpson to remain at the hotel and that the probation office would contact him on Monday.  He was immediately upset and worried about what would happen on Monday.  This officer explained that a plan of action would need to be formulated to address his issues.  The defendant asked if he could give me some advice on what I should do and I advised him that he could.  Mr. Simpson told this officer that the probation office should send him back to Kansas where he "knows the Chief of Police" and he can stay with his girlfriend and that he would have a ride available to get him to Kansas from Illinois.  This officer advised him that he previously had issues with Ms. Kepner and her residence would not be a good idea for him on supervision.  His mother then got onto the telephone and advised this officer that Ms. Kepner's residence would not be an option at all and ended the phone call.

A records check conducted on September 24, 2021, revealed no new arrests.

The defendant is currently scheduled for sentencing before the Honorable Travis R. McDonough, Chief United States District Judge, on November 12, 2021, at 2:00 pm.

**Petition for Action on Conditions of Pretrial Release**　　　　　　　　　　　　　　　　Page 6
**Re: Todd Simpson**　　　　　　　　　　　　　　　　　　　　　　　　Docket Number: 4:20-CR-00022

### PRAYING THAT THE COURT WILL ORDER

That a **Warrant** be issued, and the defendant be brought before the Court for a hearing to show cause why his bond should not be revoked. This petition is to be placed under seal until the defendant is arrested or appears in Court.

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　*/s/ Jennifer LaFerry*

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Jennifer LaFerry
　　　　　　　　　　　　　　　　　　　United States Probation Officer

Approved By:

*/s/ Daniel Haimelin*

_____
Danny Haimelin
Supervising United States Probation Officer

**Petition for Action on Conditions of Pretrial Release**  Page 7
**Re: Todd Simpson**  Docket Number: 4:20-CR-00022

### ORDER OF COURT

Considered and ordered this __24th__ day of __September__, 2021, and ordered filed and made a part of the records in the above case.

*Travis R. McDonough* (signature)

**Travis R. McDonough**
**United States District Judge**